<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>ANDRE MIMS, *et al.*,<br><br>    Defendants. | Case No. 19-cr-00811 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court are the Omnibus Pre-Trial Motions of Defendant Kasimu Shomari ("Shomari") (ECF No. 137), Defendant Andre Mims ("A. Mims") (ECF No. 142), and Defendant Freddie Mims ("F. Mims," and, together with Shomari and A. Mims, "Defendants") (ECF No. 147). Plaintiff United States of America ("Government") opposed. (ECF 149.) Shomari and A. Mims filed replies. (ECF Nos. 152, 154.) Having reviewed the submissions filed in connection with the Motions and having held oral argument on March 2, 2022, for the reasons set forth below and for good cause having been shown, the Omnibus Pre-Trial Motions are **GRANTED IN PART** and **DENIED IN PART**.

**I.   BACKGROUND**

Defendants are alleged to be members of a drug trafficking organization. On or about January 24, 2021, a Superseding Indictment was returned charging Defendants as follows:

> Count One – conspiracy to distribute heroin from December 2017 through May 15, 2018 in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), and 846 as to Shomari, A. Mims, and F. Mims.
>
> Counts Two through Six – distribution of heroin on December 28, 2017, January 3, 2018, January 11, 2018, February 13, 2018, and

> March 6, 2018 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) as to A. Mims.
>
> Count Seven – distribution of heroin on April 13, 2018 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) as to F. Mims.
>
> Counts Eight and Nine – distribution of heroin on April 15, 2018 and April 17, 2018 in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) as to Shomari and A. Mims.
>
> Count Ten – possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

(ECF No. 98.) Throughout the Superseding Indictment, Shomari is referred to as "a/k/a 'Anthony Woods,' a/k/a 'Moo'" and A. Mims is referred to as "a/k/a 'Face' a/k/a 'Fifty.'" (*Id.*)

On March 24, 2021, Shomari filed a motion seeking various forms of pre-trial relief. (ECF No. 137.) A. Mims and F. Mims filed similar motions on June 2, 2021 and July 26, 2021, respectively. (ECF Nos. 142, 147.) On September 24, 2021, the Government filed an opposition to the motions. (ECF No. 149.) Shomari and F. Mims filed replies on November 10, 2021 and November 17, 2021, respectively. (ECF Nos. 152, 154.) The Court held oral argument on the motions on March 2, 2021. (ECF No. 161.)

Defendants raise a variety of issues in their motions, many of which—but not all—overlap. The Court addresses the issues below by category, or separately, as appropriate.

**II.  DECISION**

    **A.  Motion to Dismiss Count One of the Superseding Indictment or, in the Alternative, for a Bill of Particulars**

Shomari claims Count One, charging him with conspiracy to distribute heroin along with A. Mims and F. Mims, must be dismissed because it improperly alleges a single, overreaching conspiracy when the conduct it encompasses is distinct, disconnected, and lacks a common purpose. (ECF No. 137 at 6–7.) He also argues Count One should be dismissed because it "relies on vague phrases such as 'others,' 'others known and unknown' and 'other persons and entities[.]'"

(*Id.* at 11–12.) Alternatively, he argues the Government should be compelled to "particularize its allegations" in Count One, contending the Superseding Indictment fails "to provide even minimal information such as the identities of the participants in the offenses charged, the specified dates on which the offenses allegedly occurred, the places where the offenses allegedly occurred, and the role allegedly played by Kasimu Shomari[.]" (*Id.* at 30–31.)

The Government contends the evidence at trial will demonstrate Shomari participated in a single conspiracy. (ECF No. 149 at 11–14.) The Government also contends it is proper to charge a defendant with a conspiracy with unidentified co-conspirators, and, as part of the Government's discovery production, he has been provided the identities of his co-conspirators. (*Id.* at 17–18.) The Government further argues Shomari is not entitled to a bill of particulars because his request is beyond the scope of a bill of particulars and the Superseding Indictment is sufficient to notify Shomari of the crimes with which he has been charged. (*Id.* at 28–29.)

Count One of the Indictment states:

> COUNT ONE
> (Conspiracy to Distribute Heroin)
>
> From in or around December 2017 through on or about May 15, 2018, in Essex County, in the District of New Jersey and elsewhere, the defendants,
>      ANDRE MIMS, . . .
>      KASIMU SHOMARI, . . . and
>      FREDDIE MIMS,
> did knowingly and intentionally conspire and agree with each other and others, known and unknown, to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(l) and (b)(l)(B).
> In violation of Title 21, United States Code, Section 846.

(ECF No. 98 at 1–2.) For the reasons below, the Court finds Count One of the Superseding Indictment is not deficient, and therefore will not be dismissed, nor is a bill of particulars warranted in this case.

### 1.  Count One Sufficiently Charges a Heroin Distribution Conspiracy Against Shomari, and Dismissal Is Not Required

Federal Rule of Criminal Procedure 7(c) requires an indictment set forth only a "plain, concise, and definite written statement of the essential facts constituting the offense charged[.]" A court deems an indictment sufficient so long as it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Kemp*, 500 F.3d 257, 280 (3d Cir. 2007) (citation omitted). "Moreover, 'no greater specificity than the statutory language is required so long as there is sufficient factual orientation to permit the defendant to prepare his defense and to invoke double jeopardy in the event of a subsequent prosecution.'" *Id.* (quoting *United States v. Rankin*, 870 F.2d 109, 112 (3d Cir. 1989)). Accordingly, "an indictment may set forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished." *United States v. Cefaratti*, 221 F.3d 502, 507 (3d Cir. 2000) (quotation marks omitted) (quoting *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882))).

Shomari is charged in Count One of the Superseding Indictment with conspiracy "to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to [21 U.S.C. §] 841(a)(l) and (b)(l)(B)" from December 2017 through May 15, 2018 in violation of 21 U.S.C.

§ 846. (ECF No. 98 at 1–2.) Section 846 makes it a crime to "attempt[] or conspire[] to commit any offense defined in this title" and further states a person who commits such a crime "shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy." Section 841(a)(l) and (b)(l)(B) make it a crime to knowingly or intentionally distribute or possess with intent to distribute 100 grams or more of heroin.

Here, the Court is satisfied Count One of the Superseding Indictment complies with Rule 7(c)(1) and is sufficient to charge a drug conspiracy against Shomari because it tracks the statutory language; it identifies the existence of a drug conspiracy, the operative time of the conspiracy, the statute allegedly violated; it specifies the amount of controlled substance involved; and it alleges Shomari knowingly and intentionally conspired with other persons to achieve the purpose of the conspiracy.

To the extent Shomari argues Count One should be dismissed because it "improperly alleges a single, overreaching conspiracy when the conduct it encompasses is distinct, disconnected, and lacks a common purpose," Shomari's motion is premature. Whether the Government proves a single conspiracy or multiple conspiracies is a fact question for the jury, *United States v. Perez*, 280 F.3d 318, 345 (3d Cir. 2002). Following the presentation of the Government's case, Shomari may renew the motion to dismiss Count One. Accordingly, Shomari's motion to dismiss Count One of the Superseding Indictment is **DENIED**.

### 2. A Bill of Particulars Is Not Warranted Here

The Court finds a bill of particulars, for which Shomari moves in the alternative, is not warranted in this case. "A bill of particulars is a formal, detailed statement of the claims or charges brought by a plaintiff or a prosecutor." *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005) (citation and quotation marks omitted). Federal Rule of Criminal Procedure 7(f) grants the Court

the authority to order a bill of particulars where "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). It is well-settled a bill of particulars "is not intended to be a discovery device." *United States v. DePaoli*, 41 F. App'x 543, 546 (3d Cir. 2002) (citing *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985)); *see United States v. Coburn*, 439 F. Supp. 3d 361, 387 (D.N.J. 2020) ("[A] bill of particulars is not a general discovery device or a means of obtaining answers to questions the defendant may have."). Rather, a bill of particulars may be required "when the indictment itself is too vague and indefinite" to "adequately apprise the defendant of what he must be prepared to meet." *United States v. Moyer*, 674 F.3d 192, 203 (3d Cir. 2012) (citations omitted). "[W]hen discovery provided by the Government fills in the outline of the indictment, the necessity for a bill of particulars declines." *United States v. Sourlis*, 953 F. Supp. 568, 578 (D.N.J. 1996).[1]

Because the Court finds the Superseding Indictment sufficiently apprises Shomari of what he "must be prepared to meet," a bill of particulars is not warranted. Moreover, the Government has provided Shomari "with the names, supporting arrest documents and, wiretap line sheets for the co-conspirator's charged with selling heroin as well as the purchasers of the heroin that were identified by law enforcement[.]" (ECF No. 149 at 17.) Therefore, it cannot be maintained Shomari

---

[1] "[C]ourts are wary of forcing the Government to turn over information that will raise concerns as to 'the personal security of witnesses [and] the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so.'" *United States v. Almodovar*, No. 96-71, 1996 U.S. Dist. LEXIS 18219, at *11 (D. Del. Nov. 26, 1996) (quoting *Rosa*, 891 F.2d at 1066; *United States v. Boffa*, 513 F. Supp. 444, 484–85 (3d Cir. 1980)). "[A] defendant is entitled neither to a wholesale discovery of the Government's evidence, nor to a list of the Government's prospective witnesses." *United States v. Addonizio*, 451 F.2d 49, 64 (3d Cir. 1971) (internal citations omitted). A bill of particulars is "intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Smith*, 776 F.2d at 1111.

is in the dark as to what he is accused of in Count One. Accordingly, Shomari's request for a bill of particulars is **DENIED**.

      **B.**      **Motions to Dismiss Count Seven, Count Eight, and Count Nine**

Shomari and A. Mims move to dismiss Count Eight and Count Nine of the Superseding Indictment, arguing the Government cannot prove all essential elements of the offenses because no substances were confiscated or tested. (ECF No. 137 at 13–14; ECF No. 142-2 at 6–7.) In his reply, F. Mims joined in the motion as to Count Seven of the Superseding Indictment. (ECF No. 154 at 2.) In response, the Government contends evidence to be presented at trial from the wiretap intercepts, witnesses, controlled buys from A. Mims, and physical surveillance will provide essential information for a reasonable jury to find Defendants engaged in the distribution of heroin. (ECF No. 149 at 18.)

Count Eight charges Shomari and A. Mims with "knowingly and intentionally distrubt[ing] a quantity of a mixture and substance containing a detectable amount of heroin" on April 15, 2018. (ECF No. 98 at 5.) Count Nine charges the same individuals with the same crime occurring on April 17, 2018. (*Id.*) Count Seven charges F. Mims with the same crime occurring on April 13, 2018. (*Id.* at 4.) It is undisputed no heroin was confiscated or lab tested on those dates.

"It is well-established that 'lay testimony and circumstantial evidence may be sufficient, without the introduction of an expert chemical analysis, to establish the identity of the substance involved in an alleged narcotics transaction.'" *United States v. Stewart*, 179 F. App'x 814, 818 (3d Cir. 2006) (quoting *United States v. Dolan*, 544 F.2d 1219, 1221 (4th Cir. 1976)); *see also Griffin v. Spratt*, 969 F.2d 16, 22 (3d Cir. 1992) (stating the prosecution "may establish the identity of a drug through cumulative circumstantial evidence") (citations omitted). "So long as the government produces sufficient evidence, direct or circumstantial, from which the jury is able to identify the

substance beyond a reasonable doubt, the lack of scientific evidence is not objectionable." *Stewart*, 179 F. App'x at 818 (citations omitted).

In *Stewart*, the defendant sought to reverse his judgment of conviction, arguing the evidence at trial was insufficient to establish the nature or weight of the substance he allegedly possessed was cocaine because no cocaine was seized from him or tested by experts. *Id.* The Third Circuit determined the Government had presented ample circumstantial evidence to permit a jury to find beyond a reasonable doubt the substance was cocaine. *Id.* Here, the Government will have the opportunity to establish the identity and quantity of heroin in a number of ways, including through wire taps and witness testimony. Following the presentation of the Government's case, Defendants may renew the motions to dismiss Count Seven, Count Eight, and/or Count Nine. Accordingly, Defendants' motions to dismiss Count Seven, Count Eight, and Count Nine is **DENIED**.

      **C.**      **Motions to Strike References to Aliases**

Shomari and A. Mims move to strike from the Superseding Indictment all references to aliases and other names. Shomari seeks to have references to "Moo" removed (ECF No. 137 at 4–5), and A. Mims seeks to have references to "Face" and "Fifty" removed (ECF No. 142-2 at 2–3). Shomari and A. Mims claim inclusion of these aliases and other names is irrelevant and immaterial, and any probative value of this evidence is substantially outweighed by the danger of unfair prejudice. In response, the Government argues the aliases are integral because the primary evidence at trial will consist of wiretaps in which the parties referred to one another by their aliases. (ECF No. 149 at 10–11.) The Government asserts it does not intend to use the aliases gratuitously.

"[T]he prosecution's use of a defendant's alias in an indictment or at trial is permissible where the evidence is relevant—including for purposes of identifying the defendant—and does

8

not result in unfair prejudice." *United States v. Williams*, 974 F.3d 320, 356 (3d Cir. 2020). Evidence Shomari used the nickname "Moo," and A. Mims used the nicknames "Face" or "Fifty," is relevant to identification of these Defendants in connection with the narcotics trafficking and gun possession crimes alleged in the Superseding Indictment and are related to the evidence and testimony the Government will be presenting at trial. Additionally, it would confuse the jury if they were not apprised of Defendants' aliases when they are presented with the wiretap evidence in which only aliases are used. The aliases also do not suggest a propensity to engage in drug trafficking or illegal firearms possession as to unduly prejudice Defendants. *United States v. Gatto*, 746 F. Supp. 432, 457 (D.N.J. 1990) (finding "Grecco" carried no prejudicial connotation); *United States v. Persico*, 621 F. Supp. 842, 860 (S.D.N.Y. 1985) (noting the nickname "Apples" was innocuous as compared to "The Beast" and "The Snake").

Evidence regarding Shomari and A. Mims aliases is also admissible under Federal Rule of Evidence 404(b) because, as the Government notes, "witness testimony regarding their knowledge of Shomari as 'Moo' and A. Mims as 'Face' or 'Fifty' is relevant and admissible for identity purposes." (ECF No. 149 at 11); *see Williams*, 974 F.3d at 356 (holding aliases are permissible where a witness knows a defendant "only by his nickname," the Government uses the alias to identify the defendant in the witness's testimony, and the trial court "engage[s] in a reasonable balancing of the testimony's relevance with the nickname's potential to generate unfair prejudice").

Therefore, Defendants' motion to strike references to "Moo," "Face," or "Fifty" will be **DENIED** without prejudice to their right to renew the motions after the presentation of the Government's case.

Shomari also moves to have references to "Anthony Woods" stricken from the Superseding Indictment. (ECF No. 137 at 4.) The Government does not object. (ECF No. 149 at 10 n.6.) Accordingly, Shomari's motion to strike "Anthony Woods" from the Superseding Indictment is **GRANTED**.

### D.      Motion to Dismiss Based on Selective Prosecution

F. Mims moves to dismiss the Superseding Indictment on the grounds of selective prosecution, arguing different treatment of similarly situated defendants in the charging decisions made in this case, infringement of his right to associate with family, and unequal treatment because of his familial relationship to two other defendants. (ECF No. 147-1 at 11–15.) F. Mims claims he is entitled to discovery on this claim. In opposition, the Government argues F. Mims fails to make the threshold showing of discrimination required for a selective prosecution claim. (ECF No. 149 at 19–22.)

A prosecution may not be based on an individual's race or other unjustifiable categorization. *United States v. Armstrong*, 517 U.S. 456, 464 (1996). To establish a selective prosecution claim, the defendant must present "clear evidence" the Government's prosecutorial policy has a "discriminatory effect" and is "motivated by a discriminatory purpose." *Id.* at 465. "[T]he standard is a demanding one." *Id.* at 463. To establish "discriminatory effect," the defendant must provide a "credible showing" the Government treated similarly situated defendants differently. *Id.* at 470; *accord United States v. Al Hedaithy*, 392 F.3d 580, 607 (3d Cir. 2004).

F. Mims is not entitled to dismissal of the Superseding Indictment or further discovery because he has failed to present a "credible showing" of discriminatory effect. In support of his claim, F. Mims relies entirely on broad claims that "many" similarly situated individuals of different genders or races, who had been arrested along with him in connection with a six-month

10

law enforcement investigation, were favorably treated in comparison to him. (ECF No. 147-1 at 11–15.) F. Mims does not provide the Court with specific details, only conclusory allegations. Having failed to establish the Government's prosecutorial policy has a discriminatory effect, his motion to dismiss the Superseding Indictment based on selective prosecution is **DENIED**.

### E. Motion to Bifurcate

A. Mims moves to bifurcate the trial of Count Ten of the Superseding Indictment, which charges him with unlawful possession of a firearm by a convicted felon. (ECF No. 142-2 at 3–6.) He argues bifurcation is necessary to avoid undue prejudice and requests the Superseding Indictment, which presently states he "had previously been convicted in a court of at least one crime punishable by a term of imprisonment exceeding one year," be amended to read he "had previously been convicted of a felony" without any reference to the number of felonies or possible sentence. The Government does not oppose this motion. (ECF No. 149 at 18–19.) Accordingly, A. Mims' motion to bifurcate and amend Count Ten is **GRANTED**.

### F. Motion to Sever

Shomari moves pursuant to Federal Rule of Criminal Procedure 14(a) to sever his trial from his co-defendants' because of undue prejudice from a jury receiving evidence unrelated to his "slice" of the case. (ECF No. 137 at 8–10.) The Government argues Shomari has not met the "heavy burden" required for severance. (ECF No. 149 at 14–17.)

"There is a preference in the federal system for joint trials of defendants who are indicted together." *United States v. Hart*, 273 F.3d 363, 370 (3d Cir. 2001) (quoting *Zafiro v. United States*, 506 U.S. 534, 537 (1993)). Nonetheless, 14 provides for severance "[i]f the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government[.]" Severance under Rule 14 rests within the discretion of the trial court. *United States v. McGlory*, 968 F.2d 309,

340 (3d Cir. 1992) (citation omitted); *United States v. Giampa*, 904 F. Supp. 235, 265 (D.N.J. 1995). Severance should be granted "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *United States v. Thornton*, 1 F.3d 149, 153 (3d Cir. 1993) (quoting *Zafiro*, 506 U.S. at 539). "When the risk of prejudice is high, a district court is more likely to determine that separate trials are necessary, but . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro*, 506 U.S. at 539. "[A] trial court should balance the public interest in joint trials against the possibility of prejudice inherent in the joinder of defendants." *United States v. Eufrasio*, 935 F.2d 553, 568 (3d Cir. 1991) (citing *United States v. De Peri*, 778 F.2d 963, 984 (3d Cir. 1985)). "Ordinarily, defendants jointly indicted should be tried together to conserve judicial resources." *Id.* (citing *U.S. v. Sandini*, 888 F.2d 300, 306 (3d Cir. 1989)).

A defendant moving for severance under Rule 14 bears a "heavy burden." *United States v. Zuniga*, No. 18-00224, 2021 U.S. Dist. LEXIS 70113, at *6 (D.N.J. Apr. 12, 2021). A "defendant must pinpoint 'clear and substantial prejudice' resulting in an unfair trial." *McGlory*, 968 F.2d at 340 (quoting *Eufrasio*, 935 F.2d at 568). "Mere allegations of prejudice are insufficient to meet this burden." *Giampa*, 904 F. Supp. at 265.

Here, Shomari does little more than make conclusory allegations of prejudice. He claims the jury is "highly unlikely" to be able to compartmentalize "the excessive number of text messages and telephone recordings which have no relationship to him or his alleged involvement in the conspiracy" and "curative or limiting instructions cannot cure this spillover prejudice" to him. (ECF No. 137 at 9.) The Superseding Indictment charges Shomari and his co-defendants with participating in a single drug distribution conspiracy. "[A]cts committed by one co-conspirator in

furtherance of the conspiracy become admissible against all coconspirators." *United States v. Tutis*, 167 F. Supp. 3d 683, 693 (D.N.J. 2016); *accord Hart*, 273 F.3d at 370. Additionally, "juries are presumed to follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 211 (1987); *United States v. Riley*, 621 F.3d 312, 335 (3d Cir. 2010) (affirming district court's denial of severance where the defendant did not point to any specific prejudice and "any prejudice that might have resulted from the joint trial was easily cured by the District Court's jury instructions"). Shomari has failed to meet his burden of pinpointing clear and substantial prejudice which would result from a joint trial. Accordingly, his motion to sever is **DENIED**.

### G. Motion to Suppress

#### 1. GPS

F. Mims moves to suppress evidence obtained from GPS trackers placed on several vehicles or, in the alternative, to obtain additional discovery. (ECF No. 147-1 at 15–19; ECF No. 154 at 9.) The Government argues F. Mims lacks standing to challenge evidence obtained by GPS and is not entitled to discovery. (ECF No. 149 at 25.)

"The proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. Illinois*, 439 U.S. 128, 130 n.1 (1978). "He must demonstrate 'he personally has a legitimate expectation of privacy in the object that was searched.'" *United States v. Gatson*, 744 F. App'x 97, 99–100 (3d Cir. 2018) (quoting *United States v. Stringer*, 739 F.3d 391, 396 (8th Cir. 2014)). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed" and therefore lacks standing to suppress evidence obtained from the search. *Rakas*, 439 U.S. at 134. As to automobile searches, a defendant who "assert[s] neither a property nor a

13

possessory interest in the automobile, nor an interest in the property seized" and who fails to show any legitimate expectation of privacy in the area searched is not entitled to challenge a search of that area. *Id.* at 148–49.

Here, F. Mims has failed to satisfy his burden of showing he has the requisite possessory or privacy interest to confer standing to obtain additional discovery or challenge evidence acquired by the GPS trackers.[2] Accordingly, his motion to suppress GPS evidence or obtain additional discovery is **DENIED**.

### 2. Pole Cameras

F. Mims seeks to suppress evidence obtained by the operation of pole cameras directed at the front of the Newark homes of A. Mims and G. Mims.[3] (ECF No. 147-1 at 8–10, 20–23; ECF No. 154 at 6.) The Government argues the pole cameras, affixed to public utility poles, capture images in plain view from the public street, a warrant was not required, and law enforcement acted in good faith. (ECF No. 149 at 22–25.)

The Third Circuit has yet to address suppression of pole camera footage. Although not binding, precedent from the First and Tenth Circuits is instructive. In *United States v. Bucci*, the First Circuit concluded pole camera surveillance is not a search within the meaning of the Fourth Amendment because "[a]n individual does not have an expectation of privacy in items or places he exposes to the public." 582 F.3d 108, 117 (1st Cir. 2009). The First Circuit found the defendant

---

[2] F. Mims notes in his reply his co-defendants joined in his motion to suppress GPS evidence or obtain additional discovery. (ECF No. 154 at 9.) Neither Shomari nor A. Mims addressed GPS evidence in their papers or at oral argument. (See ECF Nos. 137, 142-2, 152.) Because Shomari and A. Mims failed to demonstrate the requisite possessory or privacy interest, they are likewise not entitled to suppression or discovery on this issue.

[3] G. Mims pleaded guilty to conspiracy to distribute over 100 grams of heroin during the duration of this conspiracy and has been sentenced to 60 months imprisonment. (ECF No. 149 at 2.)

lacked both subjective and objective expectations of privacy in a driveway and garage exposed to the street and viewable by a camera fixed on a utility pole. *Id.* at 116. In *United States v. Jackson*, the Tenth Circuit similarly reasoned "the video cameras installed on the telephone poles were incapable of viewing inside the houses, and were capable of observing only what any passerby would easily have been able to observe" such that the defendant "had no reasonable expectation of privacy that was intruded upon by the video cameras." 213 F.3d 1269, 1281 (10th Cir. 2000).

The Court adopts the reasoning of the First and Tenth Circuits and concludes F. Mims had no reasonable expectation of privacy in the public location observed by the pole cameras. *See United States v. Gilliam*, No. 12-93, 2015 U.S. Dist. LEXIS 118511, at *25 (W.D. Pa. Sep. 4, 2015) (finding the defendant "cannot establish an objectively reasonable expectation of privacy when the images captured by the pole camera were visible to any person who was located in the public street looking at his home"). Accordingly, F. Mims' motion to suppress the pole camera footage is **DENIED**.

      H.    **Various Discovery Motions**

Defendants move to compel the preservation and production of several forms of evidence pursuant to Rule 404(b), Jenks Act, *Brady/Giglio*, and the Federal Rules of Criminal Procedure (ECF No. 137 at 15, 18, 20, 24, 26, 35, 37; ECF No. 142-2 at 7, 8, 9, 10, 11; ECF No. 147-1 at 23, 24.) The Government contends these motions are premature, it is currently compliant with its discovery obligations, and it will continue to comply with its discovery obligations. (ECF No. 149 at 25–28, 30–31.) The Court agrees these motions are premature and will hold the Government to its representations. Accordingly, Defendants' discovery motions are **DENIED without prejudice**.

### I. Motion for Hearing on Audibility and Admissibility of Recordings

Shomari moves for a hearing on the audibility, admissibility, chain of custody, and authenticity of any tape or video recordings or transcripts the Government seeks to present as evidence. (ECF No. 137 at 32–34.) The Government argues Shomari has not demonstrated the need for a hearing. (ECF No. 149 at 29–30.)

Federal Rule of Evidence 901 obligates the Government to establish a proper foundation for any recordings offered into evidence. In *United States v. Starks*, the Third Circuit held "[w]hen a colorable attack is made as to a tape's authenticity and accuracy, the burden on those issues shifts to the party offering the tape," who must then "prove its chain of custody." 515 F.2d 112, 122 (3d Cir. 1975); *United States v. Gatson*, No. 13-705, 2014 U.S. Dist. LEXIS 173588, at *69 (D.N.J. Dec. 15, 2014). Here, Shomari has not made a "colorable attack" as to the authenticity or accuracy of any recording or transcript as to shift the burden to the Government and justify a hearing. Shomari's request for a hearing on the audibility and admissibility of the recordings is **DENIED**.

### J. Motion to Preclude Prior Convictions

Shomari moves to preclude evidence of his prior convictions should he choose to testify. (ECF No. 137 at 39–52.) In response, the Government states that, once a trial date has been set, it has no objection to a hearing one week prior to the trial to determine which, if any, of his prior convictions would be admissible should he choose to take the stand. (ECF No. 149 at 31.)

Federal Rule of Evidence 609(a)(1) reads, in pertinent part:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction,
>
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:

>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant . . . .

Fed. R. Evid. 609(a)(1). In determining whether the Government has satisfied its burden of demonstrating the probative value of the evidence outweighs its prejudicial effect, the Third Circuit has established a four-part test to evaluate the admissibility of prior convictions evidence under Rule 609(a)(1). *Virgin Islands v. Bedford*, 671 F.2d 758, 761 n.4 (3d Cir. 1982). The four factors are: (1) the kind of crime involved; (2) when the prior conviction occurred; (3) the importance of the witness's testimony; and (4) the importance of the defendant's credibility. *Id.*; *United States v. Muhammad*, No. 14-136, 2015 U.S. Dist. LEXIS 139438, at *12 (D.N.J. Oct. 13, 2015). The Court cannot accurately weigh these factors until Shomari decides whether he intends to testify, and until the Court knows more about the circumstances of the prior convictions the Government intends to introduce. As such, the Court will **RESERVE** decision on this motion until trial.

### K. Motions to Join Co-Defendants' Motions

Shomari, A. Mims, and F. Mims have filed motions for leave to join the pretrial motions filed by their co-defendants. (ECF No. 137 at 53; ECF No. 142-2 at 12; ECF No. 147-1 at 25.) These motions are **GRANTED**.

### L. Motions for Permission to File Additional Motions

Defendants have filed motions for leave to file additional motions upon receipt of further discovery. (ECF No. 137 at 54; ECF No. 142-2 at 12; ECF No. 147-1 at 25.) These motions are **GRANTED**.

### III.   CONCLUSION

For the reasons set forth above, Defendants' Omnibus Pre-Trial Motions (ECF Nos. 137, 142, 147) are **GRANTED IN PART** and **DENIED IN PART**. An appropriate Order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
UNITED STATES DISTRICT JUDGE

Dated:  April 20, 2022