

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*       973-645-2700
*Newark, New Jersey 07102*

MNL/PL AGR
2018R01019

February 24, 2023

Michael N. Pedicini
560 Main Street
Chatham, New Jersey 07928

    Re:    Rule 11(c)(1)(C) Plea Agreement with Andre Mims,
             a/k/a "Face," a/k/a "Fifty"

Dear Mr. Pedicini:

    This letter sets forth the plea agreement between your client, Andre Mims, a/k/a "Face," a/k/a "Fifty" ("Mims"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on March 17, 2023, if it is not accepted in writing by that date. If Mims does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

Charge

    Conditioned on the understandings specified below, and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), this Office will accept a guilty plea from Mims to Counts One through Six and Eight through Ten of the Superseding Indictment, Criminal No. 19-811, which charges Mims with conspiring with others to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, contrary to Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B), in violation of Title 21, United States Code, Section 846 (Count One); distribution of a quantity of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) (Counts Two through Six, Eight, and Nine); and possession of a firearm and ammunition by a convicted felon, in violation of Title 18 United States Code, Section 922(g)(1) (Count Ten).

    If Mims enters a guilty plea and is sentenced to **at least 72 and no more than 96 months' imprisonment and 4 years' supervised release on these**

**charges** (the "Stipulated Range") and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Mims for distributing or conspiring with others to distribute heroin, a Schedule I controlled substance, from in or around December 2017 until on or about May 15, 2018, or illegally possessing a firearm and ammunition on or about May 15, 2018.

But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Mims even if the applicable statute of limitations period for those charges expires after Mims signs this agreement, and Mims agrees not to assert that any such charges are time-barred.

If the Court rejects this plea agreement, Mims may withdraw his guilty plea. Whether or not he does, if the Court rejects this plea agreement, this Office may withdraw from it. If the Court defers a decision to accept the plea agreement until the Court has reviewed the presentence report pursuant to Rule 11(c)(3)(A), Mims will not move to withdraw his guilty plea unless and until the Court rejects the plea agreement.

<u>Sentencing</u>

The violation of Title 21, United States Code, Sections 846 and 841(a)(1) and (b)(1)(B) to which Mims agrees to plead guilty in Count One of the Superseding Indictment, carries a statutory mandatory minimum prison sentence of 5 years, a statutory maximum prison sentence of 40 years, and a statutory maximum fine equal to the greatest of: (1) $5,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violations of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C) to which Mims agrees to plead guilty in Counts Two through Six, Eight, and Nine of the Superseding Indictment, each carry a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offenses, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offenses.

The violation of Title 18, United States Code, Section 922(g)(1) to which Mims agrees to plead guilty in Count Ten of the Superseding Indictment, carries a statutory maximum prison sentence of 10 years and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The sentences imposed on

<u>Rule 11(c)(1)(C) Plea Agreement with Andre Mims, a/k/a "Face," a/k/a "Fifty"</u>

<u>Schedule A</u>

This Office and Mims agree to stipulate to the following facts:

1. From in or around December 2017 through on or about May 15, 2018, in Essex County in the District of New Jersey, and elsewhere, Mims did knowingly and intentionally conspire and agree with others to distribute and possess with the intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin.

2. On or about May 15, 2018, Mims knowingly possessed a loaded 9mm Smith & Wesson firearm, (collectively the "Firearm and Ammunition").

3. On or about January 16, 2009, Mims was convicted in the Superior Court of New Jersey, Essex County, of possession with the intent to distribute heroin, in violation of N.J.S.A. 2C:35-5, which is a crime punishable by imprisonment for a term exceeding one year. A sentence of ten years' imprisonment was imposed for the January 16, 2009 conviction. Consequently, when Mims knowingly possessed the Firearm and Ammunition on or about May 15, 2018, Mims knew he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year.

Counts One through Six and Eight through Ten may run consecutively. Fines imposed by the sentencing judge may be subject to the payment of interest.

Pursuant to Rule 11(c)(1)(C), this Office and Mims agree that **a sentence within the Stipulated Range** is the appropriate disposition of the case. Accordingly, if the Court accepts this plea agreement, the Court **must** sentence Mims **to at least 72 and no more than 96 months' imprisonment and 4 years' supervised release.**

Further, in addition to imposing any other penalty on Mims the sentencing judge as part of the sentence:

(1) will order Mims to pay an assessment of $100 per count ($900, here) pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Mims to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 18 U.S.C. §§ 924(d) and 981(a)(1)(C), 28 U.S.C. § 2461, and 21 U.S.C. § 853;

(4) may deny Mims certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, require Mims to serve a term of release of at least 4 years, which will begin at the expiration of any term of imprisonment imposed. If Mims violates any of the conditions of supervised release before the expiration of its term, Mims may be sentenced to not more than three years' imprisonment per count, in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Forfeiture

As part of Mims's acceptance of responsibility and pursuant to 21 U.S.C. § 853, Mims agrees to forfeit to the United States any and all property constituting or derived from any proceeds Mims obtained, directly or indirectly, as the result of the violations charged in Counts One through Six, Eight, and Nine of the Superseding Indictment, and all of Mims's right, title, and interest in any property that was used or intended to be used, in any manner or part, to commit, and to facilitate the commission of, the violations charged in Counts One through Six, Eight and Nine of the Superseding Indictment.

Mims further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; entitling the United States to forfeit substitute assets equal to the value of the proceeds obtained by Mims (the "Money Judgment"). Mims consents to the entry of an order requiring Mims to pay the Money Judgment and agrees that such Order will be final as to Mims prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets. Any forfeited money and the net proceeds from the sale of forfeited specific property will be applied to the Money Judgment, in partial satisfaction thereof.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating Mims's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. Mims further agrees that the United States Attorney's Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Mims waives the requirements of Fed. R. Crim. P. 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Mims consents to the entry of an order of forfeiture that, in the Office's discretion, may be final as to Mims prior to the sentencing. Mims understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise Mims of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Mims further understands Mims has no right to demand that any forfeiture of Mims's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon Mims in addition to forfeiture.

Mims further agrees that, not later than the date Mims enters the guilty plea, Mims will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Mims fails to do so, or if this Office determines that Mims has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of

responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

As part of Mims's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), Mims agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about May 15, 2018:

(1) a 9mm Smith & Wesson handgun, bearing serial number PBY5102; and
(2) nine rounds of ammunition

(collectively, the "Specific Property").

Mims acknowledges that the Specific Property is subject to forfeiture as firearms and ammunition involved in or used in the violation of 18 U.S.C. § 922(g)(1) charged in Count Ten of the Superseding Indictment.

Mims waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), Mims consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. Mims understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise Mims of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. Mims further understands that Mims has no right to demand that any forfeiture of Mims's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. Mims waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

Mims also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. Mims agrees that Mims will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent Mims has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. Mims further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

Mims further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of Mims's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Mims by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Mims's activities and relevant conduct with respect to this case.

Stipulations

This Office and Mims will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. The stipulations in Schedule A are offered as recommendations to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

If the Court imposes **a sentence within the Stipulated Range**, neither party will appeal that sentence. In addition, except as specified in the next paragraph below, and in exchange for the concessions this Office made in entering into this plea agreement, Mims will not challenge by any means his conviction or any component of his sentence. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence.

Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(1) Any proceeding to revoke the term of supervised release.

(2) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(3) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

(4) Any claim Mims pursues in an appropriate forum, when permitted by law, that Mims received constitutionally ineffective assistance of counsel.

Immigration Consequences

Mims understands that, if Mims is not a citizen of the United States, Mims's guilty plea to the charged offenses will likely result in Mims being subject to immigration proceedings and removed from the United States by making Mims deportable, excludable, or inadmissible, or ending Mims's naturalization. Mims understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Mims wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause Mims's removal from the United States. Mims understands that Mims is bound by this guilty plea regardless of any immigration consequences. Accordingly, Mims waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Mims also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral

attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Mims. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No Other Promises

This agreement constitutes the entire plea agreement between Mims and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: *Megan Linares*
Megan N. Linares
Assistant U.S. Attorney

APPROVED:

Desiree L. Grace
Deputy Chief, Criminal Division

- 8 -

I have received this letter from my attorney, Michael N. Pedicini, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and I accept those terms. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: 3-12-23
Andre Mims

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands that this plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), and my client accepts those terms. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: 3/12/23
Michael N. Pedicini Esq.
Counsel for Defendant

- 9 -